UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL ANN VACCARINO, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:22-353 |
| v. | : | (JUDGE MANNION) |
| KILOLO KIJAKAZI,<br>Acting Commissioner of<br>Social Security, | : | |
| Defendant | : | |

## ORDER

Pending before the court is the report of United States Magistrate Judge William I. Arbuckle, which recommends that the decision of the Commissioner of Social Security denying the plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act") be remanded to the Commissioner for further consideration and judgment be entered in favor of the plaintiff on her appeal. (Doc. 16). No objections have been filed to the report and recommendation.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co.

v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In considering the plaintiff's appeal, Judge Arbuckle found that the decision of the Commissioner is not supported by substantial evidence. Specifically, Judge Arbuckle found that substantial evidence does not support the ALJ's explanation of why the plaintiff's reported symptoms are inconsistent with the record evidence. In reviewing the decision of the Commissioner, Judge Arbuckle found that, in order to support his assessment that the plaintiff's description of the intensity and limiting effects of her symptoms is not consistent with the record, the ALJ cites, in large part, to evidence that is not relevant to that determination. Moreover, Judge Arbuckle found that the ALJ failed to explain the basis for his conclusion that the plaintiff's mental health treatment was only "conservative" when the plaintiff treated with a counselor weekly, a psychiatrist monthly, and was on various medications. Judge Arbuckle further found that the ALJ failed to

explain how the plaintiff's daily activities are inconsistent with her reported physical and mental health related symptoms, and further failed to explain how the plaintiff's taking of a vacation back in 2019 was inconsistent with her statement of disability when there was nothing in the record to indicate the physical demands or accommodations provided during the vacation. Finally, Judge Arbuckle found that the ALJ improperly relied on his own inferences from the medical records of what was meant by the fact that the plaintiff was in "no acute distress" to determine the plaintiff's residual functional capacity, which was of significance in light of the fact that four treating providers and a state agency consultative examiner determined that the plaintiff was disabled. Given all of the foregoing, Judge Arbuckle recommends that the instant action be remanded to the Commissioner for further consideration. As indicated above, no party has objected to Judge Arbuckle's recommendation.

    Upon review of Judge Arbuckle's report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Arbuckle to his conclusions. As such, the court will adopt the report and recommendation in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Arbuckle **(Doc. 16)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The plaintiff's appeal of the decision of the Commissioner of Social Security is **GRANTED**.

**(3)** The decision of the Commissioner of Social Security denying the plaintiff's claim for SSI benefits under the Act is **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

**(4) JUDGMENT IS ENTERED** in favor of the plaintiff.

**(5)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*/s/ Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 3, 2023**
22-353-01